UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | C06-1407Z |
| v. | ORDER |
| UNITED AIRLINES, INC., | |
| Defendant. | |

THIS MATTER comes before the Court on defendant's motion, docket no. 161, which is styled as a motion for clarification, but is more aptly described as a motion for reconsideration. Pursuant to the Local Rules of this Court, a response is not permitted unless requested by the Court, but a motion for reconsideration may not be granted absent an opportunity to respond. Local Rule CR 7(h)(3). Although the Court has not requested a response, intervenors Maria Lovell and Kimberly Sullivan and proposed intervenor Jeanna Dela Cruz have filed a brief in opposition, along with a declaration of their attorney. Defendant's motion for reconsideration is therefore ripe for the Court's consideration. Having reviewed the papers filed by all parties in connection with the motion, as well as the remaining record, the Court GRANTS the motion as follows.

ORDER - 1

**Background**

This action was initiated by the Equal Employment Opportunity Commission ("EEOC") to redress discrimination on the basis of disability allegedly perpetrated by defendant United Air Lines, Inc. against its current and former employees who hold or held the position of Reservation and Service Sales Representative ("RSSR"). *See* Complaint (docket no. 1); *see also* Stipulation and Order dated Apr. 15, 2008 (docket no. 58). After this litigation had been pending for just over 20 months, three individuals, Maria Lovell, Kimberly Sullivan, and Jeanna Dela Cruz, moved to intervene as individual plaintiffs and as putative class representatives. *See* Motion (docket no. 66). The Court declined to permit any of the individuals to intervene as a class representative, but allowed Ms. Lovell and Ms. Sullivan to intervene as individual plaintiffs; Ms. Dela Cruz, however, was not granted leave to intervene because she had represented to the Court via her attorney that she was an International Service Director, not an RSSR, at the time she became disabled. *See* Minute Order dated July 16, 2008 (docket no. 100); *see also* Minute Order dated Aug. 7, 2008 (docket no. 136).

All three individuals appealed the Court's rulings. Notice of Appeal (docket no. 140). Ms. Lovell's and Ms. Sullivan's appeals were dismissed for lack of jurisdiction. *See* Ninth Circuit Order (docket no. 147). Defendant subsequently moved to correct the record in this case to reflect that Ms. Dela Cruz was, in fact, an RSSR when she became disabled. Motion (docket no. 148). In light of Ms. Dela Cruz's pending appeal, the Court denied defendant's motion without prejudice for lack of jurisdiction. Minute Order dated Jan. 14, 2009 (docket no. 160). Meanwhile, both defendant and the EEOC filed motions in the Court of Appeals for the Ninth Circuit, asking for a limited remand to provide this Court an opportunity to reconsider Ms. Dela Cruz's motion to intervene in light of additional information concerning her status as an RSSR. *See* Motion for Clarification at ¶ 12 (docket no. 161). The Ninth Circuit denied the motion for limited remand, but without prejudice to renewal in the event

ORDER - 2

that this Court indicates it is "willing to consider the matter that is the purpose of the limited remand." Order at 1-2, Exh. 2 to Varady Decl. (docket no. 163). Defendant now seeks such indication from this Court.

**Discussion**

As an initial matter, the Court notes that, in connection with its motion to correct the record, defendant did not ask for the relief it now requests, suggesting instead that this Court should "seek leave from the Court of Appeals," *see* Reply at 4 (docket no. 155), which is not, of course, the appropriate procedure. *See Smith v. Lujan*, 588 F.2d 1304, 1307 (9th Cir. 1979), *superseded on other grounds by court rule* ("Appellants should have asked the district court to indicate if it wished to entertain the [Rule 60] motion, or to grant it, and then (if appellants thought it appropriate) they could have moved this court for remand of the case."). The Court also observes that the parties have only themselves to blame for the poor quality of the factual record concerning Ms. Dela Cruz's employment position at the relevant time. As the situation now stands, however, both the EEOC and defendant agree that Ms. Dela Cruz was an RSSR at the time she became disabled. In light of the procedural posture of the case, the Court makes no finding concerning Ms. Dela Cruz's status, but the Court indicates as follows. Had the Court been advised prior to its ruling on the motion to intervene, which is the subject of the pending appeal, that Ms. Dela Cruz was an RSSR at the time she became disabled, the Court would have treated her similarly to Ms. Lovell and Ms. Sullivan and allowed her to intervene in this action as an individual plaintiff. Accordingly, this Court is "willing to consider the matter " on remand.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record and to the Ninth Circuit Appellate Commissioner Peter L. Shaw.

1     DATED this 4th day of February, 2009.

2

3                               /s/ Thomas S. Zilly

4                               Thomas S. Zilly
                                 United States District Judge

ORDER - 4