WILLIAM R. TAMAYO -- #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
EVANGELINA FIERRO HERNANDEZ --#166879 (CA)
RAYMOND CHEUNG -- #176086 (CA)
MOLLY P. KÜÇÜK -- #35821 (WA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone:    (415) 625-5622
Facsimile:    (415) 625-5657

Attorneys for Plaintiff Equal Employment Opportunity Commission

KARI ERICKSON LEVINE
SEYFARTH SHAW, LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105
Telephone:    (415) 544-1078
Facsimile:    (415) 397-8549

Attorney for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED AIRLINES, INC.,**<br><br>Defendant. | Civil Action No. C-06-01407 TSZ<br><br>**CONSENT DECREE** |

Plaintiff Equal Employment Opportunity Commission ("Commission" or "EEOC") filed this action under Title I of the Americans with Disabilities Act ("ADA") and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices based on disability, and to provide appropriate relief to Janet Lawhead, Maria Lovell, and Shelly Kia ("Charging Parties"), and similarly situated disabled employees, who were employed by United Airlines as

12938123v.1

Reservations Sales and Service Representatives ("RSSRs"), whom the Commission alleged were and are adversely affected by such practices. The Commission alleged that Defendant United Airlines, Inc., whose current correct name is United Air Lines, Inc. ("United"), subjected Charging Parties, and similarly situated employees, to unlawful discrimination based on disability in violation of the ADA by refusing to allow them to continue to work reduced hour schedules as reasonable accommodation. Defendant has denied the above allegations and claims. The Commission and United now seek to resolve this action (both Phase 1 and Phase 2 as defined by the Court in various Orders entered in the proceedings) as to each other and those covered within the scope of EEOC's lawsuit in both phases of the action, through this Consent Decree without further contested litigation.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the parties to this action. This Court retains jurisdiction over this Consent Decree during its term.

2. This Consent Decree constitutes a full and final resolution of all claims arising out of EEOC Charges Filed by Kellie Florence (Charge No. 210A302831), Shelly Kia (Charge No. 378-2003-00480), Janet Lawhead (Charge No. 380-2003-02082), Maria Lovell (Charge No. 378-2003-00342), Nada Lukovic (Charge No. 210A303038), Mary McInerney (Charge No. 210A302799), Alfreda Tillman (Charge Nos. 440-2006-06515 and 440-2007-04673), Katherine Wong (Charge No. 37B-2010-00446), and a tenth charge filed by Commissioner Stuart J. Ishimaru (Charge No. 550-2010-02136), and all ADA claims pled in the Complaint in this action.

3. This Consent Decree will become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the parties to it, their successors and assigns.

12938123v.1

5. The Commission and United will each bear its own costs and attorneys' fees in this action.

6. United and its officers, agents, and employees understand and acknowledge that the ADA strictly prohibits retaliation against any employee who has participated in any manner in this lawsuit as well as retaliation against any RSSR based on his or her having requested a reduced-hours schedule as reasonable accommodation under the ADA. United will comply with the non-retaliation requirements of the ADA and will not condone retaliation by its officers, agents, or employees against any RSSR based on his or her having requested a reduced-hour schedule as reasonable accommodation under the ADA.

**NON-ADMISSION OF LIABILITY**

7. Nothing in this Consent Decree shall be interpreted or construed as an admission of liability by United. United specifically denies all of the Commission's allegations, and denies that it is liable in any amount, under any theory.

**NO COURT FINDING AS TO LIABILITY**

8. In agreeing to the terms of this Consent Decree, the Parties acknowledge that neither this Court nor any other court has made any findings or expressed any opinion concerning the merits, validity, or accuracy of any of the allegations, claims, or defenses asserted in this action, except as may be reflected in the Court's written rulings on certain motions filed by the Parties.

**CONSENT DECREE NOT ADMISSIBLE AS EVIDENCE**

9. Nothing in this Consent Decree, nor any action taken in implementation thereof, nor any statements, discussions, or communications, nor any materials prepared, exchanged, issued, or used during the negotiations leading to this Consent Decree, are intended by the Parties, nor shall any of the foregoing constitute, be introduced, be used, or be admissible in any way in the litigation of this action, or in any other judicial, arbitral, administrative, investigative, or other proceeding of whatever kind or nature as evidence of disability discrimination, or as evidence of any violation of the ADA, the common law of any jurisdiction, any federal, state, or

12938123v.1

local law, statute, ordinance, regulation, rule, or executive order; or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Consent Decree may be used by any of the parties in any proceeding in this Court to enforce or implement the Consent Decree or any orders or judgments of this Court entered in conjunction with the Consent Decree.

## SPECIFIC INJUNCTIVE RELIEF

### Non-Discrimination Policies

10. For those RSSRs who cannot work all of the hours required in the shift bid their seniority can hold and thus request a reduction in the number of hours the RSSR is required to work per week or per day as an accommodation to address long term or permanent medical restrictions confirmed by United Medical, United agrees that it will in good faith consider such requests on a case-by-case basis. In all such cases, United will engage in the interactive process, taking into account the reasonableness of the request, the availability of other effective accommodations, any formal objections that are actually asserted by the Union representing RSSRs, and any undue hardship that may be imposed on United as a result of granting the requested accommodation. United will permit reduced-hours schedules as accommodations for qualified individuals with disabilities when and to the extent they constitute reasonable accommodations and do not impose any undue hardship on the Company. However, United and the EEOC agree that United, in its sole discretion, may offer other reasonable, effective accommodations in lieu of reduced-hours schedules when such other accommodations are available.

11. United agrees that its 90-day Transitional Duty Policy will not act as a bar to the allowance of such an accommodation.

12. The parties agree that if the RSSR requesting a reduced-hours accommodation is classified as a full-time United RSSR, United may require the RSSR, as a condition precedent to the granting of any such accommodation, to submit an in-class transfer for and accept any open part-time position at the employee's current work location which the RSSR can work. If there are no current part-time positions open or being offered by the United, United nevertheless may

12938123v.1

require the RSSR to submit an in-class transfer for a part-time opening with United at the employee's current work location. The parties agree that the absence of open part-time positions also will not act as a bar to the allowance of reduced-hours accommodations.

13. The parties agree that any request for a permanent or long term reduced-hours accommodation under which an RSSR would work fewer than 16 hours per week, the contractual minimum schedule for part-time RSSRs under the collective bargaining agreement, would be an unreasonable accommodation and would not be allowed.

14. Within thirty (30) days of entry of this Consent Decree, United will issue a memorandum setting forth the above policy, as described in Paragraphs 10 through 13 of this Consent Decree. This memorandum shall be in the form attached hereto as Exhibit A, and shall be delivered to all United supervisors and managers in the RSSR departments, to all personnel of United's medical department, and to all personnel in United's human resources department and any other United employees involved in the reasonable accommodation of RSSR employees.

15. Within thirty (30) business days after the entry of this Consent Decree, United shall post copies of the memorandum referenced in Paragraph 14 on the bulletin boards at all Contact Centers in the United States which are normally used by United for communicating with its RSSR employees. The memorandum shall remain posted for the duration of this Decree. United shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Additionally, United shall mail a copy of the same memorandum to all RSSR employees currently on Extended Illness Status. United shall certify to the EEOC in writing within sixty (60) business days after the effective date of the Decree that the memorandum has been properly posted and mailed.

**Training**

16. United will engage the services of a qualified outside consultant, knowledgeable in the ADA, to train all supervisors, managers, medical personnel, human resources personnel, and any other United employees involved in administering the reasonable accommodation process for the Company with respect to RSSRs, with an emphasis on definitions of disability

12938123v.1

under the ADA, the interactive accommodation process, the concept of undue hardship, and the requirements of the Consent Decree in this regard. Each session will be at least two hours in length, and will be introduced by a senior member of United's management team. The training will be paid for by United, but the selection of the outside consultant will be subject to EEOC review and approval, provided that approval will not be unreasonably withheld. This training will be conducted annually during the term of this Consent Decree and the first training shall be completed by no later than six (6) months after the entry of this Consent Decree.

**Record Keeping and Reports**

17. Upon issuance of the memorandum described in Paragraph 14, United will send a copy of said document to counsel for the Commission attesting to compliance with said Paragraph.

18. Within thirty (30) days after completing each training session described in Paragraph 16, United will mail to counsel for the Commission a report containing the date of training, the name and position of the individual from senior management who introduced the training, an outline of the training content, a list of all attendees, and copies of all materials distributed at the training.

19. Once every six (6) months, to be measured beginning on the date of entry of this Consent Decree and continuing for the duration of the Consent Decree, United will notify counsel for the Commission by letter or other written communication whether it has received any requests from RSSRs for reduced hours accommodations during the preceding six months, including a summary of each such request, and an explanation of how each such request was resolved.

**MONETARY RELIEF**

20. United will pay the gross sum of $600,000 as damages and in complete satisfaction of the Commission's claims against United as set forth in its Complaint. The parties expressly agree that the $600,000 currently being held by the United States Government pursuant to the terms of Paragraphs 9 and 10(a) of the February 23, 2010 Settlement Agreement between

12938123v.1

United and the United States of America (attached hereto as Exhibit B), may be applied as an offset to satisfy in full the $600,000 payment obligation created by this Paragraph 20, notwithstanding that some portion of the funds currently held by the United States Government may be deducted by the United States General Services Administration and/or the United States Department of Justice as a fee or assessment before the funds are released to United for distribution to claimants. This sum, net of any such fees or assessments levied by the United States General Services Administration and/or the United States Department of Justice, will be allocated by the Commission, at its sole discretion, among the Charging Parties and similarly situated RSSR employees. United shall not have any responsibility to distribute or pay any money as a result of this action and Consent Decree except for the funds that are returned to it from the General Services Administration, net of any fees retained by any agency of the United States Government. Each of the individuals designated by the EEOC to receive any portion of this sum shall be required to sign a full release and waiver of the ADA claims that were or could have been brought in this case, in the form attached hereto as Exhibit C. Once completed and upon notification to United by the Commission of the specific sum to be paid by check made out directly to each individual designated by the Commission, United will mail checks in the amount specified by the Commission to the individuals at the addresses provided by the Commission. One-half of the amount allocated to each individual shall be deemed compensation for lost wages and benefits. This amount will paid on a payroll check, subject to all applicable payroll deductions and withholdings, and will be reported on IRS Form W-2. The other half shall be deemed as payment for emotional distress and other non-wage damages. This amount will be reported on IRS Form 1099 and will not be subject to payroll deductions and withholdings. In addition a copy of the checks will be mailed to Evangelina Fierro Hernandez, Senior Trial Attorney, EEOC 350 The Embarcadero, Suite 500, San Francisco, CA 94105. Said checks will be sent by United within thirty (30) days of transmission of the names of the individuals to whom the sum is being allocated, the address of each individual and the amount of allocation to each individual. The parties expressly acknowledge and agree that, to the extent that any

payments that may be required under this Paragraph 20 are payable to individuals whose claims arguably constitute prepetition claims discharged in bankruptcy, such payments shall not be deemed a waiver of United's position that prepetition claims that were not the subject of a timely notice of claim are in fact extinguished and discharged by the bankruptcy court's January 2006 order confirming United's plan of reorganization.

**RETENTION OF JURISDICTION AND DURATION OF CONSENT DECREE**

This Consent Decree shall terminate three (3) years from date of entry by the Court, unless the EEOC petitions this Court for an extension of the Decree because of non-compliance by United. If the EEOC asserts that United has not complied with this Decree, the EEOC shall provide written notification of the alleged breach to United and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the EEOC petitions the Court and the Court finds that United is not in substantial compliance with the terms of the Decree, the Court may extend the Decree.

Respectfully submitted,

On Behalf of Plaintiff Equal Employment
Opportunity Commission:

Dated: December 16, 2010

_____
WILLIAM R. TAMAYO
Regional Attorney

_____
JONATHAN T. PECK
Supervisory Trial Attorney

- 8 -

12938123v.1

*[signature]*
EVANGELINA FIERRO HERNANDEZ
Senior Trial Attorney

*[signature]*
RAYMOND CHEUNG
Senior Trial Attorney

*[signature]*
MOLLY P. KÜÇÜK
Trial Attorney

On Behalf of Defendant:

Dated: December **15**, 2010

COUNSEL FOR UNITED AIR LINES, INC.
SEYFARTH SHAW, LLP

*[signature]*
KARI ERICKSON LEVINE
Attorney for United

ORDER

It is so ordered.

Dated: _____     _____
                                  U.S. District Court Judge

- 9 -

12938123v.1