## SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is entered into by the United States of America, on behalf of the General Services Administration, the Department of Homeland Security and the Equal Employment Opportunity Commission (the "United States") and UAL Corporation, United Air Lines, Inc., and their affiliates, predecessors, and related corporations (collectively, "United"). United and the United States may be referred to collectively as the "Parties" or individually as a "Party."

## RECITALS

1. United filed for Chapter 11 protection on December 9, 2002, and emerged through a confirmed Plan of Reorganization effective February 1, 2006.

2. On about August 24, 2005, the General Services Administration ("GSA") filed its Fifth Amended Proof of Claim against United in the amount of $12,468,615.92 (the "GSA Claim").

3. On about May 16, 2003, the Department of Homeland Security ("DHS") filed its First Amended Proof of Claim against United in the amount of $2,184,324.53 (the "DHS Penalty Claim"). The Parties agree that at least $659,000 of this claim may be subject to the result of certain litigation that was recently decided by the United States Court of Appeals for the Second Circuit and may be the subject of a petition for certiorari (the proceedings, including resulting appeals and any subsequent litigation, are defined as "DHS Litigation").

4. On about May 25, 2004, DHS filed its Second Amended Proof of Claim against United in the Amount of $2,494,277.60 (the "DHS Customs Claim"). The parties agreed to reduce this claim to $230,634.18, and that amount has been satisfied by offset against funds held by DHS.

5.  GSA presently holds $9,934,927.12 of funds owed to United, as security on the aforementioned claims (the "Held Funds").

6.  DHS presently holds $551,721.11 of funds owed to United, as security on the aforementioned claims.

## AGREEMENTS

7.  The GSA Claim shall be settled and finally resolved in the amount of $5,992,696.13. Within five days of the execution of this agreement, the United States and United shall cooperate to dismiss with prejudice the matter captioned <u>General Services Administration v. United Air Lines, Inc.</u>, Case No. 10-00018 (Bankr. N. D. Ill.), with each side to bear its own costs. The GSA Claim shall be satisfied in its entirety and in full by offset of $5,992,696.13 against the Held Funds.

8.  The DHS Penalty Claim shall be satisfied in its entirety and in full by:

    A.  Offset of $551,721.11 being held by DHS as security described in Paragraph 6 and $973,603.42 of the Held Funds; and

    B.  Upon conclusion of the DHS Litigation, offset of $659,000, to the extent that such offset is consistent with the outcome of the DHS Litigation. If offset of $659,000 in favor of the United States is not consistent with the ultimate outcome of the DHS Litigation, the United States agrees to make reasonable efforts to return any such funds owed to United as a result of the DHS Litigation within 30 days after it becomes final.

9.  The Equal Employment Opportunity Commission and United are presently involved in litigation in the United States District Court for the Western District of Washington. No. 06-01407 TSZ (the proceedings, including any resulting appeals, are defined as the "Seattle Litigation"). The EEOC has a filed administrative expense claim against United relating to the

2

Seattle Litigation in the amount of $600,000 (the "EEOC Administrative Expense Claim"). The United States shall be entitled to hold this $600,000 until the final disposition of the Seattle Litigation. The EEOC Administrative Expense Claim shall be satisfied by applying $600,000 of the Held Funds against any settlement or judgment in the Seattle Litigation, without otherwise limiting, diminishing or affecting the EEOC's or United's rights in the Seattle Litigation. Should the Seattle Litigation be resolved in United's favor in its entirety, the EEOC Administrative Expense Claim shall be withdrawn and the United States agrees to make reasonable efforts to transfer the remaining $600,000 to United within 30 days of a judgment in United's favor becoming final.

10.  The United States shall transfer to United the remainder of the Held Funds with the exception of: (a) $600,000 which will remain held on account of the EEOC Administrative Expense Claim; and (b) $659,000 which will remain held on account of the DHS Litigation. The amount of Held Funds that will be returned to United is estimated at $1,709,627.60. The United States agrees to make reasonable efforts to complete transfer of such amount to United within 30 days after execution of this agreement.

11.  The parties agree that, upon completion of the offsets set forth in paragraphs 7 through 9 above, the GSA Claim, the DHS Penalty Claim, the DHS Customs Claim and the EEOC Administrative Expense Claim shall be deemed satisfied and United shall have no further liability on, and shall be released from, any such claims. The Parties further agree that in exchange for the United States' agreement to the offsets and transfers set forth in paragraphs 7 through 10 herein, United shall release and hold harmless the United States for any claim relating to the Held Funds, including, without limitation, any claim for payment on interest that may have accrued with respect to claims for payment of the Held Funds.

12. This Agreement constitutes the entire, complete and integrated statement of each and every term and provision agreed to by and among the Parties and is not subject to any condition not provided for herein. This Agreement supersedes any prior representations, promises, or warranties (oral or otherwise) made by any party, and no party shall be liable or bound to any other party for any prior representation, promise or warranty (oral or otherwise) except for those expressly set forth in this Agreement. This Agreement shall not be modified in any respect except by a writing executed by the party to be charged hereto.

13. Each Party warrants and represents that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. No Party is relying on any representation or statement made by any other Party or any person representing such other Party except for the representations and warranties expressly set forth in this Agreement.

14. It is acknowledged that each Party, with the assistance of competent counsel, has participated in the drafting of this Agreement. The Parties agree that this Agreement has been negotiated at arms length by parties of equal bargaining power, each of whom was represented by competent counsel of its own choosing. None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

15. The Parties expressly declare and represent that they have read this Agreement and that they have consulted with their respective counsel regarding the meaning of the terms and conditions contained herein. The Parties further expressly declare and represent that they fully understand the content and effect of this Agreement, that they approve and accept the terms

and conditions contained herein, and that they enter into this Agreement willingly, knowingly, and without compulsion.

16. Each of the Parties declares and represents that he or she is competent to execute this instrument and that he or she is duly authorized, and has the full right and authority, to execute this Settlement Agreement on behalf of the Party for whom he or she is signing.

17. This Agreement may be executed in counterparts. Facsimile signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Agreement.

IN WITNESS WHEREOF, this Agreement has been executed by the undersigned as of February ___, 2010.

UNITED

*/s/ Ricks P. Frazier/*

By: Ricks Frazier

Its: General Counsel

February 23, 2010

TONY WEST
Assistant Attorney General

PATRICK J. FITZGERALD
United States Attorney

*/s/ Margaret M. Newell/*

J. CHRISTOPHER KOHN
Director
RUTH A. HARVEY
Assistant Director
MARGARET M. NEWELL
Trial Attorney
United States Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street, NW, Room 10014
Washington, D.C. 20005

ATTORNEYS FOR THE UNITED STATES OF AMERICA, on behalf of the GENERAL

SERVICES ADMINISTRATION, the
DEPARTMENT OF HOMELAND SECURITY
and the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION